UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANJIAO QIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KNTV TELEVISION LLC, et al.,<br><br>　　　　　Defendants. | Case No. 25-cv-00676-RFL<br><br>**ORDER GRANTING MOTION TO REOPEN TIME TO FILE APPEAL**<br><br>Re: Dkt. No. 13 |

　　　　Non-party Baiting Jiang commenced this dispute four-and-a-half years ago.  (*See Jiang v. KNTV Television LLC*, No. 21-cv-01293-LB, Dkt. No. 1 (N.D. Cal. Feb. 22, 2021).)  She initially pursued a single claim on her own behalf but later added her mother, Lanjiao Qin, as a plaintiff.  (*See* Dkt. No. 3 at 1.)  The two proceeded *pro se* until June 2024 when attorney Reshma Kamath began representing them.  (*See Jiang* at Dkt. No. 183 (N.D. Cal. June 18, 2024) (motion to substitute attorney); *id.* at Electronic Filing Error Notice (N.D. Cal. June 18, 2024) (converting motion to substitute attorney to notice of substitution).)  The District subsequently disbarred Kamath, and she ceased representing Plaintiffs, leaving Plaintiffs to resume proceeding *pro se*.  (*See id.* at Dkt. Nos. 197 (N.D. Cal. Oct. 11, 2024), 199 (N.D. Cal. Oct. 15, 2024).)  Three months later, Judge Laurel Beeler severed Qin's claims into this action (over which she presided in addition to the *Jiang* action) and recommended dismissal of Qin's claims for lack of standing.  (*See* Dkt. Nos. 2-3.)  The matter was then reassigned to the undersigned.  (*See* Dkt. No. 4.)  Qin filed no objection to Judge Beeler's recommendation, and upon *de novo* review of the recommendation, the undersigned dismissed Qin's claims without leave to amend.  (*See* Dkt. No. 5.)  The Clerk then entered judgment on February 21, 2025.  (*See* Dkt. No. 6.)

　　　　Qin filed a notice of appeal more than three months later.  (*See* Dkt. No. 9.)  The Ninth

1

Circuit dismissed the appeal as untimely because Qin filed her notice of appeal more than 30 days after the Clerk entered judgment, and the mandate issued about a month later. (*See* Dkt. Nos. 11-12.) Qin now moves to reopen her time to appeal under Federal Rule of Appellate Procedure 4(a)(6). (*See* Dkt. No. 13 (the "Motion").) For the reasons set forth below, the Court **GRANTS** the Motion.

Under Rule 4(a)(6), a "district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered" upon satisfaction of three conditions:

- (1) "the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry";
- (2) "the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier"; and
- (3) "the court finds that no party would be prejudiced."

Qin satisfies all three conditions.

**As for condition (1)**, Qin represents that she did not receive notice of the February 21, 2025 entry of judgment until more than 21 days later. (*See* Dkt. No. 13-2 ¶ 2.) The electronic docket reflects that all of the Court's orders in this action and the Clerk's entry of judgment were mailed to Qin. The Court nevertheless finds it likely that Qin did not pay attention to those orders and judgment because she assumed Kamath was handling the case. Qin represents that Kamath did not notify Qin of her disbarment. (*See id.* ¶ 3.) Kamath was disbarred months before Judge Beeler severed Qin's claims into this action, so it is reasonable to assume that Qin may not have even known about this separate action and filings on its docket (including the entry of judgment), as she may have still been relying on Kamath to update her about the case. Qin also represents that she suffers from medical conditions that "impair[ her] ability to understand the nature of the proceedings and to handle this case on [her] own." (*See id.* ¶ 5.)

**As for condition (2)**, while Qin does not represent when she did finally receive notice of

the Clerk's entry of judgment, she does state in her Motion that she received notice within 14 days of filing the Motion.  (*See* Motion at 3.)  In light of Qin's *pro se* status, the Court will accept that statement as if made as a representation within Qin's declaration.  *See United States v. Qazi*, 975 F.3d 989, 992-93 (9th Cir. 2020) ("It is an entrenched principle that pro se filings however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." (citations and quotations marks omitted)).

**As for condition (3)**, because Defendants have not yet appeared in this action, no party would be prejudiced by granting the Motion.

Accordingly, the Court **GRANTS** the Motion.  Qin's new deadline for filing an appeal is **September 15, 2025**, which includes an extra three days as permitted by Federal Rule of Civil Procedure 6(d).  *See, e.g.*, *Turner v. Larsen*, No. 11-cv-06191-PJH, 2012 WL 12904163, at *2 (N.D. Cal. July 2, 2012).

**IT IS SO ORDERED.**

Dated: August 29, 2025

_____
RITA F. LIN
United States District Judge

3